NOTICE:  All slip opinions and orders are subject to formal revision and are superseded by the advance sheets and bound volumes of the Official Reports.  If you find a typographical error or other formal error, please notify the Reporter of Decisions, Supreme Judicial Court, John Adams Courthouse, 1 Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-1030; SJCReporter@sjc.state.ma.us

13-P-1746                                        Appeals Court

COMMONWEALTH  vs.  VIRGEN MILLIE LIMA.

No. 13-P-1746.

Suffolk.     November 13, 2014. – July 22, 2015.

Present:  Cypher, Fecteau, & Massing, JJ.


Motor Vehicle, Insurance.  Insurance, Motor vehicle insurance,
     Defrauding insurer.  Fraud.  Larceny.  False Pretenses.
     Practice, Criminal, Required finding.



     Indictments found and returned in the Superior Court
Department on March 11, 2010.

     The cases were tried before Regina L. Quinlan, J.


     Charles Allan Hope for the defendant.
     Christopher Hurld, Assistant Attorney General, for the
Commonwealth.


     CYPHER, J.  The defendant, Virgen Millie Lima, appeals from

convictions by a Superior Court jury of two counts of motor

vehicle insurance fraud under G. L. c. 266, § 111B, and two

counts of larceny under G. L. c. 266, § 30.[1]  The defendant

argues that there was insufficient evidence of intent to defraud

and that she did not commit larceny by false pretenses, because

there was no property stolen from Safety Insurance Company

(Safety Insurance).  We affirm.

Background.  The charges against the defendant arose from

an investigation by the Massachusetts Insurance Fraud Bureau

(IFB), which was prompted by two referrals from Safety Insurance

involving the same car dealership and the same insurance agency.

The investigation began in 2008 while the defendant was employed

as a licensed insurance agent by Brighton Insurance Agency in

Brighton (Brighton Insurance).  Following the IFB investigation,

in which the investigator discovered a pattern of commercial

vehicle policies involving undocumented drivers, a report of the

findings was submitted to the office of the Attorney General.

After review, that office sought indictments from a grand jury

that charged the defendant with fraudulent statements or

representations in three applications for commercial automobile

insurance, prepared by the defendant and submitted by Brighton

---

[1] The defendant was found not guilty of one count of
insurance fraud.

Insurance to Safety Insurance.  The defendant also was charged with larceny in respect to those policies.[2]

Facts.  A significant portion of Brighton Insurance's business involved serving a large influx of Brazilian immigrants, many of whom had Brazilian driver's licenses. Brighton Insurance actively sought their business by advertising that it had staff fluent in Spanish and Portuguese, including the defendant.  Similarly, many customers of an automobile agency, Inman Motors in Somerville, were Brazilian, and were referred to Brighton Insurance for their insurance needs.  They were assisted in making that connection through the efforts of Wanderson Silva, one of Inman's employees.

Gordon Owades, the majority partner in Brighton Insurance, testified that sometime in 2004 he was required by the insurance companies for which he sold policies to refuse applications based on Brazilian licenses.  At that time, the defendant suggested to Silva that they turn to commercial motor vehicle insurance.  The Commonwealth theorizes the defendant concluded that drivers with foreign licenses, who could not obtain

---

[2] "The insurance fraud bureau of Massachusetts is . . . a private entity, . . . authorized by special act to combat insurance fraud in the workers' compensation and automobile insurance systems by investigating charges of such fraud and referring suspected violations for criminal prosecution." Adams v. Liberty Mut. Ins. Co., 60 Mass. App. Ct. 55, 58 n.7 (2003).

personal motor vehicle insurance, might be able to operate under a commercial policy.[3]

Discussion. The defendant's argument, that there was insufficient evidence of an intent to defraud, mistakenly relies on two cases of motor vehicle insurance fraud under G. L. c. 266, § 111B, where the fraud alleged concerned the claims made under the insurance policies.[4] The defendant overlooks that the charges against her concern fraud made in applications for insurance, an alternate ground of fraud proscribed by wording inserted in § 111B by St. 1988, c. 273, § 60, as noted in the margin.[5]

The indictments in this case charged the defendant with "fraudulent statement(s) or representation(s) of any fact or thing material to such a claim in violation of G. L. c. 266,

___

[3] The Commonwealth, citing G. L. c. 90, §§ 3, 10, contends that "Massachusetts law generally requires drivers with foreign licenses to obtain a Massachusetts driver's license within thirty days of acquiring a place of abode or employment in the Commonwealth. . . . Drivers who maintain motor vehicle liability insurance in the required amounts are excluded from this requirement. . . . Drivers with foreign licenses may drive vehicles registered to others, including businesses." Compare Commonwealth v. Chown, 76 Mass. App. Ct. 684, 688 (2010).

[4] See Corson v. Commonwealth, 428 Mass. 193 (1998); Commonwealth v. Jerome, 56 Mass. App. Ct. 726 (2002).

[5] General Laws c. 266, § 111B, which formerly stated that "[w]hoever, in connection with or in support of any claim under any motor vehicle . . . insurance policy"; now provides, "in connection with or in support of any application for or claim" (emphasis supplied).

§ 111B," in connection with applications for Vitorino Painting and New Generation Services. Accordingly, we now examine whether the Commonwealth's evidence, viewed according to Commonwealth v. Latimore, 378 Mass. 671, 676-677 (1979), was sufficient to show that the defendant made false statements in these applications, intending to deceive Safety Insurance.[6]

The two applications we examine are on a standard form and require the following principal information: name and address of insured; address of premises; nature of business; and names of all drivers who will drive company vehicles and employees who will drive their own vehicles on company business.

The Vitorino Painting application was signed by the applicant, Rodrigo Almeida Junior, who was friendly with the defendant. No further information on him or his relationship to the business appeared on the application. The address of the premises for Vitorino Painting was shown as the defendant's home address and she was listed as the only driver. The only other

---

[6] General Laws c. 266, § 111B, states in relevant part:

"Whoever, in connection with or in support of any application for or claim under any motor vehicle . . . policy issued by an insurer, and with intent to injure, defraud or deceive such insurer knowingly presents to it, . . . any notice, statement, or proof of loss, whether or not the same is under oath or is required or authorized by law or the terms of such policy, knowing that such notice, statement or proof of loss contains any false or fraudulent statement or representation of any fact or thing material to such application or claim, shall be punished."

information, a vehicle registration, showed Almeida's home address in Brighton.

The New Generation Services application was signed by the applicant, Cledimar S. Lopes. The application listed Lopes's residential address as the business premises, but included no further information about her or her relationship to the business. The defendant was listed as the only driver and a copy of her driver's license and driving history were attached.[7]

The defendant falsely listed herself as the only driver of company vehicles in both applications. Brighton Insurance, however, was her only employer and there was no evidence that she worked for either business. In the Vitorino application she falsely stated her home address as the address of the business. Moreover, the investigator for the IFB testified that he observed no commercial activity at either address given for the businesses, and could not locate either of the applicants -- Almeida or Lopes. This evidence is sufficient to show that the defendant's processing of these applications contained

---

[7] With each application was a copy of a Massachusetts vehicle registration application for registration of a vehicle in the name of the business. Each application included a Federal employer identification number (EIN). Lima applied for and obtained that number contemporaneously with the commercial insurance application. Each application for registration was stamped by Safety Insurance certifying that the vehicle was insured.

materially false statements she knew to be false and were made with the intent to deceive Safety Insurance.

Finally, there is no merit in the defendant's argument that because no property was stolen from Safety Insurance, larceny by false pretenses could not have been committed.  General Laws c. 266, § 30(1), states:  "Whoever steals, or with intent to defraud obtains by a false pretense, . . . the property of another as defined in this section, . . . shall be guilty of larceny."  Section 30(2) defines property to include "any valuable contract in force."  "An insurance policy is 'property' within the statute because it is a 'valuable contract in force." Commonwealth v. Levin, 11 Mass. App. Ct. 482, 496 (1981). Safety Insurance relied on misrepresentations and false statements in the applications, and thereby was induced to part with insurance policies.  See Commonwealth v. Gall, 58 Mass. App. Ct. 278, 287 (2003).

Judgments affirmed.